UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- x
                                                         :
CARLOS AMAY BAR,                                         :
                                                         :
               Plaintiff,                                :
                                                         :
   -against-                                            :
                                                         :       **REPORT AND**
MARLY BUILDING SUPPLY CORP.,                             :       **RECOMMENDATION**
KIM KUM MA, TOMMIE SUI, and                              :
U-C RENOVATION INC.,                                     :       19-CV-1187 (ARR)(PK)
                                                         :
               Defendants.                               :
-------------------------------------------------------- x

**Peggy Kuo, United States Magistrate Judge:**

       Carlos Amay Bar ("Plaintiff") brought this action against Marly Building Corp., Kim Kum Ma, Tommie Sui, and U-C Renovation, Inc. (collectively, "Defendants"), alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the New York Labor Law ("NYLL"), N.Y. Lab. Law §§ 650 *et seq.* (*See* "Compl.," Dkt. 1; "Am. Compl.," Dkt. 23.)

       Pending before this Court, on referral from the Honorable Allyne R. Ross, is Plaintiff's motion to enforce the settlement agreement between Plaintiff and Defendants U-C Renovation Inc., Kim Kum Ma, and Tommie Sui (collectively, "Settling Defendants"). ("Motion," Dkt. 36.) For the following reasons, I respectfully recommend that the Motion be denied.

## BACKGROUND

       Plaintiff filed the Complaint on February 28, 2019. (Dkt. 1.) Plaintiff filed the Amended Complaint on September 10, 2020, removing Marly Building Corp. as a defendant and naming defendant U-C Renovation, Inc. (Dkt. 23.) The parties participated in multiple court-annexed mediation sessions in attempts to settle the claims. (Status Letter dated Sept. 14, 2020, Dkt. 24.) On March 25, 2021, Plaintiff informed the Court that Plaintiff and the Settling Defendants had reached a settlement in principle, and the case was stayed pending filing of a settlement approval motion

pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). (Letter dated Mar. 25, 2021, Dkt. 29; Order dated Mar. 26, 2021.)

On June 25, 2021, Plaintiff filed the Motion for Settlement Approval, attaching the Settlement Agreement and Confession of Judgment. (Motion for Settlement Approval, Dkt. 34; Settlement Agreement, Ex. 1 to the Motion for Settlement Approval, Dkt. 34-1; Confession of Judgment, Ex. 1 to the Settlement Agreement at 11 (ECF pagination), Dkt. 34-1.) Both of the attached documents were unsigned. On July 6, 2021, I recommended that the proposed Settlement Agreement be approved. ("Report and Recommendation," ECF entry dated July 6, 2021.) Judge Ross adopted the Report and Recommendation, granted settlement approval, and terminated the case. (Order Adopting Report and Recommendation, Dkt. 35; Order Terminating Case dated July 22, 2021.)

On June 16, 2023, Plaintiff filed the Motion, alleging that Defendants breached the Settlement Agreement by refusing to pay any of the $80,000.00 owed under its terms, and requesting that the Court enter a proposed judgment in the amount of $80,000.00. (Motion at 2.) Upon inquiry from the Court, Plaintiff responded that there is no signed copy of the Confession of Judgment. (Letter dated June 30, 2023 at 2, Dkt. 37.)

## DISCUSSION

"Where a case has been dismissed, and the plaintiff thereafter asks the court to enforce the parties' settlement agreement," the Court must, as a threshold matter, determine whether it has subject matter jurisdiction. *Melchor v. Eisen & Son Inc.*, No. 15CV00113 (DF), 2016 WL 3443649, at *5 (S.D.N.Y. June 10, 2016) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 379-80 (1994)). "Actions to enforce settlement agreements are, in essence, contract actions which are governed by state law and which do not themselves raise a federal question unless the court which approved the settlement retained jurisdiction." *LaBarbera v. Dasgowd, Inc.*, No. CV-03-1762 (CPS), 2007 WL 1531895, at *2 (E.D.N.Y. May 22, 2007). A district court may retain jurisdiction to enforce a

settlement agreement in one of two ways: the "court's order of dismissal must either (1) expressly retain jurisdiction over the settlement agreement, or (2) incorporate the terms of the settlement agreement in the order." *Hendrickson v. United States*, 791 F.3d 354, 358 (2d Cir. 2015) (citing Kokkonen, 511 U.S. at 375-76). A court placing its "judicial imprimatur" on a settlement agreement, such as by approving the agreement, is not sufficient to retain jurisdiction. *Hendrickson v. United States*, 791 F.3d 354, 359-60 (2d Cir. 2015). Such settlement approval alone does not confer continuing jurisdiction "even where a district court has reviewed the agreement and judged it fair and reasonable pursuant to *Cheeks*." *Lei v. Haryin Inc.*, No. 16-CV-9018 (RA), 2022 WL 17404194, at *2 (S.D.N.Y. Dec. 2, 2022) (citing *Mao v. Mee Chi Corp.*, No. 15-CV-1799 (JCF), 2016 WL 675432, at *1 (S.D.N.Y. Feb. 11, 2016)).

Here, assuming, *arguendo*, that the unsigned Settlement Agreement is enforceable, there is no basis for this Court to exercise jurisdiction to enforce the settlement. The Court did not expressly retain jurisdiction or incorporate the terms of the settlement in the Report and Recommendation, the Order Adopting the Report and Recommendation, or the Order terminating the case. Although the Court found the terms of the settlement agreement reasonable and described the allocation of funds delineated in the agreement in its Report and Recommendation, this alone is not sufficient for the Court to retain jurisdiction. *See, e.g.*, *Sanchez v. Charity Rest. Corp.*, No. 14 CIV. 5468 (HBP), 2019 WL 4187356, at *2 (S.D.N.Y. Sept. 4, 2019) (finding that a court did not retain jurisdiction to enforce an FLSA settlement agreement where it approved the agreement and recited the material terms of the agreement on the record). I find, therefore, that the Court lacks jurisdiction to enforce the Settlement Agreement, and I respectfully recommend that the Motion be denied.

## **CONCLUSION**

For the foregoing reasons, I respectfully recommend that Plaintiff's motion to enforce the settlement agreement be denied.

3

Any written objections to this Report and Recommendation must be filed within 14 days of service of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file objections within the specified time waives the right to appeal any order or judgment entered based on this Report and Recommendation. *Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008).

**SO ORDERED:**

*Peggy Kuo*
PEGGY KUO
United States Magistrate Judge

Dated:   Brooklyn, New York
         August 1, 2023